

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-25,176-06

### EX PARTE MANASSEH ADRIEL PHILIP, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W88-81768-T(D)
### IN THE 283RD DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to five years' imprisonment. He did not appeal his conviction.

Applicant contends that he is actually innocent based on the recantation of the complaining witness, that counsel was ineffective for advising him to plead no contest, and that a new affidavit "eviscerates the State's case", so he is entitled to relief. We believe that in recantation cases such as this one, before we make the important decision of whether Applicant

is entitled to relief, the record should be more fully developed. The trial court shall therefore conduct a live evidentiary hearing on the matter at which the complainant shall be called to testify. Notice of the hearing and an opportunity to testify shall be given to those persons who participated in the trial or the investigation.

The trial court shall make findings as to the credibility of the complaining witness' recantation. The court shall make further findings of fact regarding the circumstances surrounding the complainant's recantation, including the delay between the trial and the recantation. The trial court shall make findings as to whether Applicant could have presented the information contained in the recanting witness' affidavit prior to his guilty plea. The trial court shall specifically weigh the evidence of Applicant's guilt against the new evidence of innocence. *See Ex parte Tuley*, 109 S.W.3d 388, 393 (Tex. Crim. App. 2002). The trial court shall enter findings of fact as to the credibility of each witness and as to whether Applicant is entitled to relief. The trial court shall also make findings regarding whether Applicant's ineffective assistance of counsel ground could have been raised in a prior application, and if he is otherwise entitled to relief. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

It appears that Applicant is represented by habeas counsel. The trial court, within 30 days of the date of this order, shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the evidentiary hearing. TEX. CODE CRIM. PROC. art. 26.04.

This application will be held in abeyance until the trial court has resolved the fact issues.

The issues shall be resolved within 90 days of this order. A supplemental transcript containing the transcription of the court reporter's notes from the live evidentiary hearing and a copy of the exhibits admitted, along with the trial court's findings of fact and conclusions of law and a copy of the trial record, including the clerk's record and a transcription of the reporter's record of the trial, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Delivered: November 20, 2019
Do not publish